

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANITHA UBILES,

        Petitioner,

    -v-                                   09-CV-0688Sr
                                            **ORDER**

PEOPLE OF STATE OF NEW YORK,

        Respondent.

---

On July 31, 2009, petitioner, Anitha Ubiles, who is presently incarcerated at the Albion Correctional Facility, submitted to the court, *pro se*, what she self-titled as a Notice of Application for a Certificate, pursuant to 28 U.S.C. § 3742,[1] that the case involves a question of law or fact which ought to be reviewed by this Court. Petitioner also filed a request to proceed in *forma pauperis* and a motion for the appointment of counsel.[2] The Application seeks to challenge a judgment of conviction entered in New York State Supreme Court, Erie County on or about October 31, 1986. The judgment of conviction was affirmed on or about March 10, 1989, *People v. Uribles*, 148 A.D.2d 1002, 539 N.Y.S.2d 233 (4th Dept. 1989), and

---

[1]Section 3742 of Title 18 of the United States Court governs appellate review of sentences imposed in federal criminal matters. The sentence petitioner seeks to have reviewed in the instant Application is one imposed in the courts of New York State.

[2]Because, as addressed below, the Application will be transferred to the United States Court of Appeals, pursuant to 28 U.S.C. § 2244(b), for authorization for the District Court to consider a second or successive petition for a writ of habeas corpus, the determination of petitioner's motion for appointment of counsel is left initially for the United States Court of Appeals upon transfer of this matter to that Court.

leave to appeal to the New York Court of Appeals was denied on June 15, 1989. *Id.*, 74 N.Y.2d 748, 545 N.Y.S.2d 123 (1989). On or about April 29, 1997, petitioner filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the same conviction. *Ubiles v. Lord*, 97-CV-0339E. The petition was denied by the late Hon. John T. Elfvin on or about August 3, 2000, and petitioner's appeal was dismissed by the Second Circuit Court of Appeals on or about March 30, 2001 because petitioner had not made a "substantial showing of the denial of a constitutional right." (*Ubiles v. Lord*, 97-CV-0339E, Docket No. 25). Petitioner later filed in state court a motion to vacate the judgment of conviction, pursuant to N.Y.Crim.Proc.L., § 440.10(h)(1), which was denied on or about January 28, 2008. Petitioner's request for leave to appeal to the Appellate Division, Fourth Department was denied on June 2, 2008. (Docket No. 1).

Upon receipt of the instant Application, the Court mistakenly directed petitioner to file both an new Prison Authorization Form, pursuant to 28 U.S.C. § 1915(b)(1), authorizing the correctional facility to withdraw the full amount of the filing fee for civil actions ($350.00), and a supplemental application to proceed *in forma pauperis* with a completed prison certification section, pursuant to 28 U.S.C. § 1915(a)(2), certifying the amount of funds petitioner had in her inmate account. Because the Application is, in effect, and must be construed as a petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, *see Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997) (*Pro se* petitions should be characterized according to the relief sought, and not to the label given to them by pro se prisoners unlearned in the law), the Prison Authorization requirement of 28 U.S.C. § 1915(b)(1) does not apply, *see Adams v. McGinnis*, 317 F.Supp.2d 243, 245 n. 1 (W.D.N.Y.2004) (stating that the Prisoner Litigation Reform Act ("PLRA") does not apply to habeas petitions brought under 28 U.S.C. § 2254) (citations omitted), but the certification requirement of § 1915(a)(2) does.

Accordingly, that part of the Court's initial Decision and Order (Docket No. 4) directing petitioner to submit another Prison Authorization Form, pursuant to 28 U.S.C. § 1915(b)(1), is vacated but that part of the Decision and Order directing petitioner to submit a supplemental application to proceed *in forma pauperis* that includes an executed prison certification section, pursuant to § 1915(a)(2), is not. Petitioner therefore will be provided with additional time to submit to the Court either a supplemental application to proceed *in forma pauperis,* which includes a completed prison certification section, or the $5.00 filing fee. Petitioner must **either** submit the supplemental application to proceed *in forma pauperis* form with a completed prison certification **or** pay the full filing fee of $5.00. Petitioner is forewarned that failure to comply with this order by either submitting the supplemental application with a signed certification section or paying the filing

3

fee by the designated date will result in the dismissal of this case without prejudice. If petitioner has not complied with this order by **December 7, 2009,** the Clerk of the Court is directed to close this case as dismissed without prejudice without further order.

Additionally, since what petitioner has filed must be construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, the petition, upon either submission of a supplemental application to proceed *in forma pauperis* or the $5.00 filing fee, shall be transferred to United States Court of Appeals for the Second Circuit since it is a second or successive petition pursuant to 28 U.S.C. § 2244(b)(1)-(3). According to 28 U.S.C. § 2244, before a district court may entertain a second or successive application for a writ of habeas corpus filed pursuant to § 2254, the petitioner must have first requested and obtained an order from the appropriate court of appeals which authorizes the filing of such a second or successive petition. The petition herein has not been so authorized. Therefore, upon the filing of a supplemental application to proceed *in forma pauperis* or the $5.00 filing fee, in the interests of justice and pursuant to 28 U.S.C. § 1631, this petition will be transferred to the Second Circuit Court of Appeals for a determination whether to authorize the filing of a second or successive petition.

**IT IS HEREBY ORDERED** that that part of the Court's Decision and Order, filed August 17, 2009 (Docket No. 4), requiring

4

petitioner to submit a Prison Authorization Form authorizing her current correctional facility to withdraw from her inmate account the civil action filing of $ 350.00 is vacated;

FURTHER, petitioner must submit either a supplemental application to proceed *in forma pauperis* or the $5.00 filing fee no later than **December 7, 2009.** If petitioner does not comply with this order by either submitting the supplemental application with a signed certification section or paying the filing fee of $5.00 by December 7, 2009, this matter will be dismissed without prejudice and the Clerk of the Court is directed to close this case as dismissed without prejudice without further order.

FURTHER, the Clerk of the Court is directed to forward to plaintiff with this Order a new form application to proceed as a poor person.

FURTHER, upon filing of a supplemental application to proceed *in forma pauperis* or payment of the $5.00 filing fee, the petitioner's Application construed herein as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 petition is transferred to the Second Circuit Court of Appeals.

**SO ORDERED.**

_____
DAVID G. LARIMER
United States District Judge

Dated: November 2009
Rochester, New York